UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN TOTIN,

                        Plaintiff,                    Civil Action No. _____

                —against—

BOHEMIA REALTY GROUP LLC, SARAH                     **COMPLAINT**
SALTZBERG, JON GOODELL, KAREN
PAUL, CHELSEA PICKEN,  JORDAN                        **JURY DEMANDED**
SILVER and MATTHEW WARNER
KIERNAN,

                        Defendants.

The Complaint of the Plaintiff, BRIAN TOTIN, respectfully shows and alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement arising out of the Defendants' unauthorized use of nine photographs authored and owned by the Plaintiff and for breach of contract.

2.      *In Brian Totin v. Bohemia Realty Group, 18-CV-3574 (S.D.N.Y.)* (hereto after referred to as "Bohemia I") Defendant BOHEMIA REALTY GROUP LLC ("BRG") was accused, through the actions of CHELSEA PICKEN ("Picken"), in infringing on five photographs of an apartment at 160 Claremont Avenue in Manhattan. As part of the resolution in that matter, BRG agreed to never use those photographs again. As further explained below, instead of taking reasonable measures to ensure that did not happen, and to supervise their agents as required by law, BRG put the fox in change of the henhouse by placing infringer Picken in charge of marketing listings at 160 Claremont Avenue and, as a direct result, a new infringement occurred fifteen months later.

3.      Plaintiff is a licensed real estate salesperson, affiliated with a non-party licensed real estate broker. As set forth below, Defendants are licensed real estate brokers, associate brokers and salespersons, who, at all times relevant, were affiliated with BRG. These licenses are issued pursuant to Article 12-A of the New York Real Property Law. The State of New York has issued Regulations Affecting Brokers and Salespersons under part 175 of Title 19 NYCRR.

## JURISDICTION AND VENUE

4.      This is a civil action seeking damages and declaratory and injunctive relief for copyright infringement, arising under 17 U.S.C. §§ 101, et seq, and for breach of contract. This Court has original subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338(a), as this action asserts copyright claims arising under the laws of the United States.

5.      This Court has personal jurisdiction over the Defendants because the Defendants are domiciled in this state, because the Defendants are licensed to do business in this state and because the Defendants conduct continuous, systematic, and routine business within this state and this District. The Defendants also committed the acts alleged herein in this District. The Defendants infringed upon Plaintiff's copyrights in this District by distributing infringing copies of the Plaintiff's copyrighted works to persons in this District. Defendants further presented copies of the Plaintiff's copyrighted works on Internet websites that attract citizens from this District as viewers. The advertisements that contained the infringed-upon photographs marketed property located within this District. Additionally, when resolving Bohemia I, Plaintiff and BRG stipulated that the Courts of this District had jurisdiction over any dispute concerning that contract.

2

6.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b),(c),(d), and 1400(a) because Plaintiff's claims arose in this district, because Defendants may be found in this District and because Defendants do business in this District. Defendants infringed upon Plaintiff's copyrights in this District by distributing infringing copies of the Plaintiff's copyrighted works to persons in this District. Defendants further presented copies of the Plaintiff's copyrighted works on Internet websites that attract citizens from this District as viewers. The advertisements that contained the infringed-upon photographs marketed property located within this District. Defendants further committed the acts complained of within this District. Additionally, when resolving Bohemia I, Plaintiff and BRG stipulated that venue is properly in the Courts of this District concerning any dispute over a breach of that contract.

## THE PARTIES

7.      The Plaintiff BRIAN TOTIN ("Plaintiff" or "Totin") is a citizen of the State of New York, County of New York.

8.      Defendant BRG is a domestic limited liability corporation organized under the laws of the State of New York. BRG is a Licensed Real Estate Broker in the State of New York holding license number 10991208722.

9.      Defendant SARAH SALTZBERG  ("Saltzberg") is the co-company broker, co-principal broker and co-owner of defendant BRG.

10.     Defendant JON GOODELL ("Goodell") is the co-company broker, co-principal broker and co-owner of defendant BRG.

11.     Defendant KAREN PAUL ("Paul") is a licensed real estate salesperson affiliated with defendant BRG.

12.     Defendant Picken was, at all times relevant, a licensed real estate salesperson affiliated with defendant BRG.

13.     Defendant JORDAN SILVER (Silver) was, at all times relevant, a licensed real estate salesperson affiliated with defendant BRG.

14.     Defendant MATTHEW WARNER KIERNAN (Kiernan) is a licensed real estate salesperson affiliated with defendant BRG.

## ALLEGATIONS COMMON TO ALL CLAIMS

### I.     Plaintiff's Copyrighted Works

15.     Plaintiff has duly registered copyrights in and to 190 published photographs under the title "Published works of Brian Totin, 2018, Vol 1" with the United States Copyright Office and has complied with all applicable statutory registration and renewal requirements. The United States Copyright Office has issued a Certificate of Registration for "Published works of Brian Totin, 2018, Vol 1" under certificate number VA 2-098-415 with an effective date of registration of April 14, 2018. A true and correct copy of registration number VA 2-098-415 is annexed as exhibit A.

16.     Plaintiff has duly registered copyrights in and to 217 published photographs under the title "Published works of Brian Totin, 2018, Vol 2" with the United States Copyright Office and has complied with all applicable statutory registration and renewal requirements. The United States

Copyright Office has issued a Certificate of Registration for "Published works of Brian Totin, 2018, Vol 2" under certificate number VA 2-115-414 with an effective date of registration of June 28, 2018. A true and correct copy of registration number VA 2-115-414 is annexed as exhibit B.

17.     Contained within the group-registered work "Published works of Brian Totin, 2018, Vol 1", registration number VA 2-098-415, are three photographs titled "860RSDa2Klav.jpg", "860RSDa2Kmr1.jpg" and "860RSDa2Kmr2.jpg" and contained within the group-registered work "Published works of Brian Totin, 2018, Vol 2", registration number VA 2-115-414, is a photograph titled "860RSDa2kknew.jpg".

18.     True and correct copies of "860RSDa2Klav.jpg", "860RSDa2Kmr1.jpg" and "860RSDa2Kmr2.jpg", as they appear within registration number VA 2-098-415 and "860RSDa2kknew.jpg" as it appears within registration number VA 2-115-414 are annexed as exhibit C.

19.     The photographs "860RSDa2Klav.jpg", "860RSDa2Kmr1.jpg", "860RSDa2Kmr2.jpg" and "860RSDa2kknew.jpg"  are referred to as the 860 Riverside Drive Photographs herein.

20.     Plaintiff has duly registered copyrights in and to 717 published photographs under the title "Published works of Brian Totin, 2017, Vol 1" with the United States Copyright Office and has complied with all applicable statutory registration and renewal requirements. The United States Copyright Office has issued a Certificate of Registration for "Published works of Brian Totin, 2017, Vol 1" under certificate number VA 2-096-797 with an effective date of registration of March 7, 2018. A true and correct copy of registration number VA 2-096-797 is annexed as exhibit D.

5

21.     Contained within the group-registered work "Published works of Brian Totin, 2017, Vol 1", registration number VA 2-096-707, are five photographs titled "160clare2flr1.jpg", "160clare2fbr1.jpg", "160clare2fbr2.jpg", "160clare2fk.jpg", and "160clare2flav.jpg".

22.     True and correct copies of  "160clare2flr1.jpg", "160clare2fbr1.jpg", "160clare2fbr2.jpg", "160clare2fk.jpg", and "160clare2flav.jpg", as they appear within registration number VA 2-096-797 are annexed as exhibit E.

23.     The photographs  "160clare2flr1.jpg",  "160clare2fbr1.jpg",  "160clare2fbr2.jpg", "160clare2fk.jpg", and "160clare2flav.jpg"  referred to as the 160 Claremont Photographs herein.

24.     860 Riverside Drive Photographs and the 160 Claremont Photographs are hereto after referred as the Totin Copyrighted Works.

25.     The operation of 37 CFR § 202.4(i) deems published photographs registered under a group registration as individual original works of authorship. Specifically, a group registration of published photographs individually covers the copyrightable authorship in each work that has been included in the group and each work in the group is considered to be individually registered as a separate work.

26.     The Totin Copyrighted Works are individual original works of authorship and constitute copyrightable subject matter under the Copyright Act, 17 U.S.C. §§ 101, et seq.

27.     Plaintiff is the author of the Totin Copyrighted Works.

28.     Plaintiff owns the exclusive right to reproduce the Totin Copyrighted Works, distribute copies of the Totin Copyrighted Works to the public and display the Totin Copyrighted Works publicly. Plaintiff is entitled to all of the protections and remedies for the Totin Copyrighted Works accorded to a copyright owner.

## II.     Defendant's Infringements of the 860 Riverside Drive Photographs

29.     On or about June 22, 2018, Plaintiff discovered that BRG and Silver, acting on Defendant BRG's behalf, published or caused to be published the four photographs contained in the 860 Riverside Drive Photographs to the website *http://www.realtor.com* (the "realtor.com infringement").

30.     True and correct copies of the realtor.com infringement are annexed to this Complaint as Exhibit F.

## III.     Defendant's Infringements of the 160 Claremont Photographs and breach of contract

31.     On August 13, 2018, Plaintiff and Defendant BRG resolved Bohemia I by entering into a "Settlement Agreement and Mutual Release" that identified BRG as "Bohemia", identified the 160 Claremont photographs as the "Allegedly Infringed Photographs" and stated in relevant part:

> Agreement not to use Totin's Photographs.  Bohemia agrees that they will return or destroy any copies of the Allegedly Infringed Photographs that are in their possession as of the Effective Date.  Bohemia agrees that they will not use the Allegedly Infringed Photographs for any purpose.

32.     On or about March 23, 2019, Defendant BRG began marketing apartment 5F at 160 Claremont Avenue for lease to the public. Additionally, also on or about March 23, 2019, Plaintiff, acting in his capacity as a licensed real estate salesperson affiliated with a non-party licensed real estate broker, began marketing apartment 5F at 160 Claremont Avenue for lease to the public as well.

33.     On or about April 2, 2019, Plaintiff, acting in his capacity as a licensed real estate salesperson affiliated with a non-party licensed real estate broker, began marketing apartment 3F at 160 Claremont Avenue for lease to the public, utilizing the 160 Claremont Photographs in his marketing materials. Additionally, on or about April 9, 2019, Defendant BRG began marketing apartment 3F at 160 Claremont Avenue for lease to the public as well.

34.     Upon information and belief, Defendant Paul manages the relationship with the property manager of 160 Claremont Avenue for Defendant BRG.

35.     Upon information and belief, Paul was placed in charge of overseeing agent advertising of 160 Claremont Avenue by Defendants BRG, Saltzberg and Goodell, and enjoyed a financial benefit when an apartment at 160 Claremont Avenue was rented.

36.     Upon information and belief, Defendant Paul directed Defendant Picken to oversee the marketing of apartments 3F and 5F at 160 Claremont Avenue, including controlling agent access to the property and overseeing their advertising of the property. Upon information and belief, Picken enjoyed a financial benefit when an apartment at 160 Claremont Avenue was rented.

37.     Defendants BRG, Saltzberg and Goodell own, operate and control the content of an internet website at *https://www.bohemiarealtygroup.com.*

38.     On or about July 3, 2019, Plaintiff discovered that BRG and Kiernan, acting on Defendant BRG's behalf, published or caused to be published the five photographs contained in the 160 Claremont Photographs to the website *http://www.bohemiarealtygroup.com* (the "bohemiarealtygroup.com infringement").

39.     True and correct copies of the bohemiarealtygroup.com infringement are annexed to this Complaint as Exhibit G.

40.     The bohemiarealtygroup.com infringement advertises property at 160 Claremont Avenue.

41.     Upon information and belief, Defendants Paul and Picken had oversight responsibility over Kiernan's advertising of 160 Claremont Avenue.

**IV.     Defendants' Infringements of the Totin Copyrighted Works**

42.     Defendants have willfully used photographs owned and authored by the Plaintiff without any form of authorization of the Plaintiff.

43.     When initially applying for, or renewing, their license, real estate brokers and salespersons must agree under penalty of perjury to the statement, "I further affirm that I have read and understand the provisions of Article 12-A of the Real Property Law and the rules and regulations promulgated thereunder," including part 175 of Title 19 NYCRR.

44.     Under 19 NYCRR §175.25 (b) (1), "Only a real estate broker is permitted to place or cause to be published advertisements related to the sale or lease of property."

45.     Upon information and belief, and at all times relevant, BRG maintained a policy that permitted its affiliated associate real estate brokers and real estate salespersons to publish apartment rental advertisements on BRG's behalf without prior review by BRG.

46.     By operation of law, 19 NYCRR §175.25(b)(1) makes BRG the *de facto* publisher of all apartment rental advertisements placed or caused to be published by its affiliated associate real estate brokers and real estate salespersons, including the advertisements containing the unauthorized use of the Totin Copyrighted Works.

47.     In infringing upon the Totin Copyrighted Works, the Defendants ether removed or left an identifying watermark.

48.     The identifying watermark, the logo of Plaintiff's then-affiliated non-party licensed real estate broker, put Defendants on notice that they did not have the right to publish or otherwise use the Totin Copyrighted Works and further gave Defendants notice that a competitor had a license to publish or otherwise use the Totin Copyrighted Works. The identifying watermark gave Defendants actual knowledge that they did not have the right to publish or otherwise use the Totin Copyrighted Works, but the Defendants did so anyway, in reckless disregard for the copyrights of the Plaintiff.

49.     In an effort to resolve this matter, Plaintiff, through his attorney, sent notice to BRG, Saltzberg and Goodell of their infringements of the Totin Copyright Works on or about July 8, 2019.

50.     In an effort to resolve this matter, Plaintiff met and conferred with Defendants Saltzberg and Paul in December of 2019.

51.     In that December 2019 meeting, Saltzberg stated that the Totin Copyrighted Works were placed in a central database and that she could not control the actions of her agents.

52.     The Defendants committed nine separate willful infringements of the Totin Copyrighted Works.

**FIRST CAUSE OF ACTION**
**Direct Copyright Infringement**
**(against Defendants BRG and Silver)**

53.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 52 as though fully set forth herein.

54.     The 860 Riverside Drive Photographs constitute copyrightable subject matter under the Copyright Act, 17 U.S.C. §§ 101, et seq. Plaintiff has recorded the copyrights in and to the 860 Riverside Drive Photographs with the United States Copyright Office and have complied with all applicable statutory registration and renewal requirements.

55.     Plaintiff owns the United States copyrights in the 860 Riverside Drive Photographs and the exclusive right to reproduce the 860 Riverside Drive Photographs, distribute copies of the 860

Riverside Drive Photographs to the public and display the 860 Riverside Drive Photographs publicly. Plaintiff is entitled to all of the protections and remedies for the 860 Riverside Drive Photographs accorded to a copyright owner.

56.     On information and belief, in direct violation of Plaintiff's exclusive rights, Defendants BRG and Silver have directly infringed, and unless enjoined by this Court, will continue to infringe, on the copyrights in the 860 Riverside Drive Photographs by, among other things, publishing the 860 Riverside Drive Photographs to various websites without the consent of the Plaintiff.

## SECOND CAUSE OF ACTION
### Direct Copyright Infringement
### (against Defendants BRG and Kiernan)

57.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 56 as though fully set forth herein.

58.     The 160 Claremont Photographs constitute copyrightable subject matter under the Copyright Act, 17 U.S.C. §§ 101, et seq. Plaintiff has recorded the copyrights in and to the 160 Claremont Photographs with the United States Copyright Office and have complied with all applicable statutory registration and renewal requirements.

59.     Plaintiff owns the United States copyrights in the 160 Claremont Photographs and the exclusive right to reproduce the 160 Claremont Photographs, distribute copies of the 160 Claremont Photographs to the public and display the 160 Claremont Photographs publicly. Plaintiff is entitled to all of the protections and remedies for the 160 Claremont Photographs accorded to a copyright owner.

60.     On information and belief, in direct violation of Plaintiff's exclusive rights, Defendants BRG and Kiernan have directly infringed, and unless enjoined by this Court, will continue to infringe, on the copyrights in the 160 Claremont Photographs by, among other things, publishing the 160 Claremont Photographs to various websites without the consent of the Plaintiff.

### THIRD CAUSE OF ACTION
**Vicarious Copyright Infringement**
**(Against Defendants Paul and Picken)**

61.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 60 as though fully set forth herein.

62.     On information and belief, Defendants Paul and Picken had the right, ability and responsibility to supervise Defendant Kiernan, and on information and belief, did supervise Kiernan in his unlawful preparation, duplication, and distribution of the 160 Claremont Photographs.

63.     On information and belief, Defendants Paul and Picken enjoyed a direct financial benefit from the preparation, duplication, and distribution of the infringements of the 160 Claremont Photographs.

64.     In direct violation of Plaintiff's exclusive rights, and as a consequence of the foregoing, Defendants Paul and Picken has vicariously infringed the copyrights in the 160 Claremont Photographs.

**FOURTH CAUSE OF ACTION**
**Vicarious Copyright Infringement**
**(Against Defendants BRG, Saltzberg and Goodell)**

65.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 64 as though fully set forth herein.

66.     Under the doctrine of *respondeat superior*, Title 19 NYCRR, and New York State case law, it well established that a Licensed Real Estate Broker and its company brokers are vicariously liable for sales associate misconduct.

67.     On information and belief, Defendants BRG, Saltzberg and Goodell had the right, ability and responsibility to supervise Defendant's sales associates Silver, Kiernan, Paul and Picken, and on information and belief, did supervise Silver, Kiernan, Paul and Picken in their unlawful preparation, duplication, and distribution of the Totin Copyrighted Works.

68.     On information and belief, Defendants BRG, Saltzberg and Goodell enjoyed a direct financial benefit from the preparation, duplication, and distribution of the infringements of the Totin Copyrighted Works.

69.     In direct violation of Plaintiff's exclusive rights, and as a consequence of the foregoing, Defendants BRG, Saltzberg and Goodell have vicariously infringed the copyrights in the Totin Copyrighted Works.

## FIFTH CAUSE OF ACTION
### Breach of Contract
### (Against Defendant BRG)

70.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 69 as though fully set forth herein.

71.     Defendant BRG breached the August 13, 2018 contract between Plaintiff and BRG by failing to destroy all copies of the 160 Claremont Photographs.

72.     Defendant BRG breached the August 13, 2018 contract between Plaintiff and BRG by using the 160 Claremont Photographs in an internal database.

73.     Defendant BRG breached the August 13, 2018 contract between Plaintiff and BRG by publishing the 160 Claremont Photographs to *http://www.bohemiarealtygroup.com*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendants as follows:

1.     That the Court find that:

   a.   Defendants BRG and Silver have infringed the copyrights in the 860 Riverside Drive Photographs;

   b.   Defendants BRG and Kiernan have infringed the copyrights in the 160 Claremont Photographs;

15

    c.   Defendants Paul and Picken have vicariously infringed the copyrights in the 160 Claremont Photographs through the actions of Kiernan;

    d.   Defendants BRG, Saltzberg and Goodell have vicariously infringed the copyrights in the Totin Copyrighted Works through the actions of Kiernan, Paul, Picken and Silver; and

    e.   Defendant BRG has breached the August 13, 2018 contract between Plaintiff and BRG.

2.    That the Court enter a declaration that Defendant's publication of the Totin Copyrighted Works constitutes infringement of the Totin Copyrighted Works.

3.    That the Court find that as a direct and proximate result of Defendant's foregoing acts, Plaintiff is entitled to the following damages:

    a.   At Plaintiff's election, statutory damages of up to $150,000 for each separate Totin Copyrighted Work infringed for willful infringement pursuant to 17 U.S.C. § 504(c), or Plaintiffs' actual damages sustained as a result of Defendant's acts of copyright infringement according to proof and Defendant's profits obtained as a result of their acts of copyright infringement according to proof;

    b.   An amount to be determined by the Court for Breach of Contract; and

    c.   Plaintiff's reasonable attorneys' fees and costs pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq., and 17 U.S.C. § 505.

4.    That the Court find that the threat of irreparable harm to Plaintiff as a result of Defendants' conduct leaves Plaintiff without adequate remedy at law, and therefore that

Plaintiff is entitled to an injunction restraining Defendants, their agents, servants, employees, attorneys, successors, assigns, subsidiaries, and all persons, firms, and corporations acting in concert with them, from directly or indirectly infringing the copyrights in the Totin Copyrighted Works, including but not limited to continuing to distribute, market, advertise, promote, produce, sell, or offer for sale the Totin Copyright Works or any works derived or copied from the Totin Copyrighted Works, and from participating or assisting in any such activity whether or not it occurs in the United States.

5.      That the Court enjoin Defendants, their agents, servants, employees, attorneys, successors, assigns, subsidiaries, and all persons, firms, and corporations acting in concert with them, from directly or indirectly infringing the copyrights in the Totin Copyrighted Works, including but not limited to continuing to distribute, copy, publicly perform, market, advertise, promote, produce, sell, or offer for sale the Totin Copyrighted Works or any works derived or copied from the Totin Copyrighted Works, and from participating or assisting in any such activity whether or not it occurs in the United States.

6.      That the Court grant such other, further relief as it deems just and proper.

Dated: June 18, 2021                          Respectfully submitted,
New York, New York
                                              BRIAN TOTIN, PRO SE

                                              *s/ Brian Totin*                          .
                                              Brian Totin
                                              PO Box 230581
                                              New York, NY 10023
                                              (917)-881-1830
                                              brian@briantotin.com

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 18, 2021                          Respectfully submitted,
New York, New York

                                              BRIAN TOTIN, PRO SE


                                              *s/ Brian Totin*                          .
                                              Brian Totin
                                              PO Box 230581
                                              New York, NY 10023
                                              (917)-881-1830
                                              brian@briantotin.com

EXHIBIT A

EXHIBIT B

EXHIBIT C



"860RSDa2Klav.jpg"



"860RSDa2Kmr1.jpg"



"860RSDa2Kmr2.jpg"



"860RSDa2kknew.jpg"

EXHIBIT D

EXHIBIT E



"160clare2flr1.jpg"



"160clare2fbr1.jpg"



"160clare2fbr2.jpg"



"160clare2fk.jpg"



"160clare2flav.jpg"

EXHIBIT F









EXHIBIT G





