UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN TOTIN.,

                         Plaintiff,

      -against-

                                                    Civil Action No. 21-cv-5416-UA

BOHEMIA REALTY GROUP, SARAH
SALTZBERG, JON GOODELL, KAREN PAUL,        **ANSWER AND**
CHELSEA PICKEN, JORDAN SILVER, and         **AFFIRMATIVE DEFENSES**
MATTHRE WARNER KIERNAN,

                         Defendants.

Defendant CHELSEA PICKEN ("Picken" or "Defendant"), by her attorneys, Davis+Gilbert LLP, answers the Complaint of plaintiff BRIAN TOTIN. ("Totin" or "Plaintiff") as follows:

## ANSWER TO "NATURE OF THE ACTION"

1.      Paragraph 1 of the Complaint contains legal conclusions, to which no response is required.  To the extent paragraph 1 requires a response, Defendant denies the allegations contained in paragraph 1.

2.      Defendant denies the allegations contained in Paragraph 2, except admits that Totin accused Bohemia Realty Group LLC, through Picken, of copyright infringement in the "Bohemia I" action.

3.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Complaint, and on that basis denies the same, except admits that Defendant is a licensed real estate broker who was previously affiliated with defendant BRG.

## ANSWER TO "JURSDICTION AND VENUE"

4.      Paragraph 4 of the Complaint contains legal conclusions, to which no response is required.   To the extent paragraph 4 requires a response, Defendant denies the allegations contained in paragraph 4, except admits that this Court has subject matter jurisdiction over claims arising out of the Copyright Act.

5.      Paragraph 5 of the Complaint contains legal conclusions, to which no response is required.   To the extent paragraph 5 requires a response, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5, and on that basis denies the same, except admits that Defendant domiciled in this state and licensed to do business in this state.

6.      Paragraph 6 of the Complaint contains legal conclusions, to which no response is required.   To the extent paragraph 6 requires a response, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6, and on that basis denies the same, except admits that Defendant may be found in this District.

## ANSWER TO "THE PARTIES"

7.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint, and on that basis denies the same.

8.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint, and on that basis denies the same.

9.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint, and on that basis denies the same.

10.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Complaint, and on that basis denies the same.

11.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Complaint, and on that basis denies the same.

12.     Defendant admits the allegations contained in paragraph 12 of the Complaint.

13.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint, and on that basis denies the same.

14.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint, and on that basis denies the same.

## **ANSWER TO "ALLEGATIONS COMMON TO ALL CLAIMS"**

15.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Complaint, and on that basis denies the same.

16.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Complaint, and on that basis denies the same.

17.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Complaint, and on that basis denies the same.

18.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint, and on that basis denies the same.

19.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint, and on that basis denies the same.

20.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint, and on that basis denies the same.

21.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint, and on that basis denies the same.

22.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint, and on that basis denies the same.

23.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint, and on that basis denies the same.

24.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint, and on that basis denies the same.

25.     Paragraph 25 of the Complaint contains legal conclusions, to which no response is required.  To the extent paragraph 25 requires a response, Defendant denies the allegations contained in paragraph 25.

26.     Paragraph 26 of the Complaint contains legal conclusions, to which no response is required.  To the extent paragraph 26 requires a response, Defendant denies the allegations contained in paragraph 26.

27.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Complaint, and on that basis denies the same.

28.     Paragraph 28 of the Complaint contains legal conclusions, to which no response is required.  To the extent paragraph 28 requires a response, Defendant denies the allegations contained in paragraph 28.

29.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 of the Complaint, and on that basis denies the same.

30.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint, and on that basis denies the same.

31.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the Complaint, and on that basis denies the same.

32.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of the Complaint, and on that basis denies the same.

33.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Complaint, and on that basis denies the same.

34.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Complaint, and on that basis denies the same.

35.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Complaint, and on that basis denies the same.

36.      Defendant denies the allegations contained in paragraph 36 of the Complaint.

37.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the Complaint, and on that basis denies the same.

38.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38 of the Complaint, and on that basis denies the same.

39.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 39 of the Complaint, and on that basis denies the same.

40.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40 of the Complaint, and on that basis denies the same.

41.      Defendant denies the allegations contained in paragraph 41 of the Complaint.

42.      Defendant denies the allegations contained in paragraph 42 of the Complaint.

43.      Defendant denies the allegations contained in paragraph 43 of the Complaint, except to the extent paragraph 43 references certain documentation in connection with the application for or renewal of a real estate broker's license, which speaks for itself.  Defendant respectfully refers the Court to that document for the complete contents and context thereof.

44.     Defendant denies the allegations contained in paragraph 44 of the Complaint, except to the extent paragraph 44 references 19 NYCRR § 175.25(b)(1), which speaks for itself. Defendant respectfully refers the Court to that regulation for the complete contents and context thereof.

45.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 45 of the Complaint, and on that basis denies the same.

46.     Paragraph 46 of the Complaint contains legal conclusions, to which no response is required.   To the extent paragraph 46 requires a response, Defendant denies the allegations contained in paragraph 46.

47.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47 of the Complaint, and on that basis denies the same.

48.     Paragraph 48 of the Complaint contains legal conclusions, to which no response is required.   To the extent paragraph 48 requires a response, Defendant denies the allegations contained in paragraph 48.

49.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 49 of the Complaint, and on that basis denies the same.

50.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 of the Complaint, and on that basis denies the same.

51.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 51 of the Complaint, and on that basis denies the same

52.     Defendant denies the allegations contained in paragraph 52 of the Complaint.

**ANSWER TO "FIRST CAUSE OF ACTION"**
**Direct Copyright Infringement**
**(against Defendants BRG and Silver)**

53.      Defendant repeats, realleges, and incorporates by reference the above paragraphs 1 through 52 as though set forth more fully herein.

54.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 54 of the Complaint, and on that basis denies the same.

55.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 55 of the Complaint, and on that basis denies the same.

56.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 56 of the Complaint, and on that basis denies the same.

**ANSWER TO "SECOND CAUSE OF ACTION"**
**Direct Copyright Infringement**
**(against Defendants BRG and Kiernan)**

57.      Defendant repeats, realleges, and incorporates by reference the above paragraphs 1 through 56 as though set forth more fully herein.

58.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 58 of the Complaint, and on that basis denies the same.

59.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 59 of the Complaint, and on that basis denies the same.

60.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 60 of the Complaint, and on that basis denies the same.

**ANSWER TO "THIRD CAUSE OF ACTION"**
**Vicarious Copyright Infringement**
**(against Defendants Paul and Picken)**

61.     Defendant repeats, realleges, and incorporates by reference the above paragraphs 1 through 60 as though set forth more fully herein.

62.     Defendant denies the allegations contained in paragraph 62 of the Complaint.

63.     Defendant denies the allegations contained in paragraph 63 of the Complaint.

64.     Defendant denies the allegations contained in paragraph 64 of the Complaint.

**ANSWER TO "FOURTH CAUSE OF ACTION"**
**Vicarious Copyright Infringement**
**(against Defendants BRG Saltzberg and Goodell)**

65.     Defendant repeats, realleges, and incorporates by reference the above paragraphs 1 through 64 as though set forth more fully herein.

66.     Paragraph 66 of the Complaint contains legal conclusions, to which no response is required.   To the extent paragraph 66 requires a response, Defendant denies the allegations contained in paragraph 66.

67.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 67 of the Complaint, and on that basis denies the same, except admits that BRG, Saltzberg and/or Goodell had the right and ability to supervise Defendant.

68.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 68 of the Complaint, and on that basis denies the same.

69.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 69 of the Complaint, and on that basis denies the same.

## ANSWER TO "FOURTH CAUSE OF ACTION"
### Vicarious Copyright Infringement
### (against Defendants BRG Saltzberg and Goodell)

70.     Defendant repeats, realleges, and incorporates by reference the above paragraphs 1 through 69 as though set forth more fully herein.

71.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 71 of the Complaint, and on that basis denies the same.

72.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 72 of the Complaint, and on that basis denies the same.

73.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 73 of the Complaint, and on that basis denies the same.

## DEFENSES

Defendant Picken asserts the following additional, separate defenses to the Complaint, without assuming any legal or factual burden that is not otherwise assigned to her under the law. Defendant Picken reserves the right to advance additional defenses that may become available or apparent during the course of further investigation, discovery, or litigation.

## FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by the invalidity of Plaintiff's alleged copyrights.  Plaintiff's allegedly copyrighted works lack the requisite originality and/or creativity, and/or Plaintiff is not the author or assignee of the rights to the works for which he secured the alleged copyright registrations.

9

## THIRD DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by the Plaintiff's lack of standing.  Upon information and belief, Plaintiff is not the author or assignee of the rights to the works for which he secured the alleged copyright registrations.

## FOURTH DEFENSE

Plaintiff's claim is barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and/or copyright misuse.  Upon information and belief, Plaintiff is a real estate broker who uses the Copyright Act as a means to attack competing brokers and agents.  Plaintiff has filed 24 nearly identical copyright actions against competing brokers and agents over the past five years.  This lawsuit is only one of the latest examples of Plaintiff's inequitable conduct.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate his alleged damages.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of innocent infringement and/or innocent intent.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant Chelsea Picken respectfully prays for relief against Plaintiff Brian Totin as follows:

    A.  That Plaintiff takes nothing by his Complaint;

    B.  That judgment be entered in favor of Defendant Picken and against Plaintiff;

    C.  That this action be dismissed against Defendant Picken with prejudice;

    D.  That Defendant be awarded her costs of suit, including reasonable attorney's fees pursuant to 17 U.S.C. § 505; and

    E.  That the Court award such other and further relief as is just and proper.

Dated:  New York, New York
          August 17, 2021

                         DAVIS+GILBERT LLP

                         By:    */s/ David S. Greenberg*
                              David S. Greenberg
                         1675 Broadway
                         New York, NY  10019
                         (212) 468-4800
                         dgreenberg@dglaw.com

                         *Attorneys for Defendant*
                         *Chelsea Picken*