## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                              )

BRIAN TOTIN,                     )

        Plaintiff,          )      Docket No. 1:21-cv-05416-UA

                              )

        v.                  )

                              )

BOHEMIA REALTY GROUP L.L.C., SARAH  )
SALTZBERG, JON GOODELL, KAREN     )
PAUL, CHELSEA PICKEN, JORDAN      )
SILVER and MATTHEW WARNER       )
KIERNAN,                      )

        Defendant.      )
_____)

## DEFENDANTS BOHEMIA REALTY GROUP LLC,
## SARAH SALTZBERG, AND JON GOODELL'S
## ANSWER, STATEMENT OF DEFENSES AND COUNTERCLAIMS

      NOW COME defendants Bohemia Realty Group LLC ("BRG"), Sarah Saltzberg

("Saltzberg"), and Jon Goodell ("Goodell" and together with BRG and Saltzberg, collectively,

"Defendants"), by and through their undersigned counsel, Rath, Young, and Pignatelli, P.C. and

respectfully submit this answer and statement of defenses in response to the complaint filed by

plaintiff Brian Totin ("Totin"):

## ANSWER

### RESPONSE TO ALLEGATIONS ABOUT THE NATURE OF THE ACTION

      1.      Defendants are without sufficient information to admit or deny the allegations

contained in this paragraph; accordingly, those allegations are denied at this time.

      2.      Denied.

3.      Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

## RESPONSE TO ALLEGATIONS ABOUT JURISDICTION AND VENUE

4.      This paragraph is an assertion of a legal conclusion to which no answer is required.  To the extent that any response is required to this paragraph, Defendants deny same.

5.      Defendants admit that this Court has personal jurisdiction over Defendants. Defendants deny the remaining allegations of this paragraph.

6.      Defendants admit that venue is proper.  Defendants deny the remaining allegations of this paragraph.

## RESPONSE TO ALLEGATIONS ABOUT THE PARTIES

7.      Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

8.      Denied.

9.      Denied.

10.      Denied.

11.      Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

12.      Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

13.      Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

14.      Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

## RESPONSE TO ALLEGATIONS COMMON TO ALL CLAIMS

15.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

16.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

17.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

18.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

19.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

20.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

21.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

22.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

23.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

24.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

25.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

26.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

27.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

28.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

<u>RESPONSE TO "SECTION II" ALLEGATIONS</u>

29.     Denied.

30.     Denied.

<u>RESPONSE TO "SECTION III" ALLEGATIONS</u>

31.     Defendants admit that BRG and Totin entered into a Settlement and Mutual Release Agreement.  As to the remaining allegations in this paragraph, Defendants respond that the referenced document speaks for itself.

32.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

33.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

34.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

35.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

36.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

37.     Denied.

38.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

39.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

40.     Admitted.

41.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

<u>RESPONSE TO "SECTION IV" ALLEGATIONS</u>

42.     Denied.

43.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

44.     Admitted.

45.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Admitted.

50.     Admitted.

51.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

52.     Denied.

RESPONSE TO THE FIRST CAUSE OF ACTION

53.     Defendants rely on the preceding paragraphs as if fully restated herein.

54.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

55.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

56.     Denied.

RESPONSE TO THE SECOND CAUSE OF ACTION

57.     Defendants rely on the preceding paragraphs as if fully restated herein.

58.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

59.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

60.     Denied.

RESPONSE TO THE THIRD CAUSE OF ACTION

61.     Defendants rely on the preceding paragraphs as if fully restated herein.

62.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

63.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

64.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

<u>RESPONSE TO THE FOURTH CAUSE OF ACTION</u>

65.      Defendants rely on the preceding paragraphs as if fully restated herein.

66.      Defendants are without sufficient information to admit or deny the allegations contained in this paragraph; accordingly, those allegations are denied at this time.

67.      Denied.

68.      Denied.

69.      Denied.

<u>RESPONSE TO THE FIFTH CAUSE OF ACTION</u>

70.      Defendants rely on the preceding paragraphs as if fully restated herein.

71.      Denied.

72.      Denied.

73.      Denied.

<u>RESPONSE TO TOTIN'S PRAYER FOR RELIEF</u>

Defendants deny that Totin is entitled to the relief sought in paragraphs one through six of his prayer for relief.

**<u>AFFIRMATIVE AND OTHER DEFENSES</u>**

**First Affirmative Defense**

Totin's complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Totin's claims are barred, in whole or in part, because Totin failed to mitigate his damages, if any.

### Third Affirmative Defense

Totin's claims are barred, in whole or in part, by the doctrine of *de minimis non curat lex* because the infringement had no impact on either party.

### Fourth Affirmative Defense

Totin has no copyrightable interest in the subject matter recited.

### Fifth Affirmative Defense

Defendants have not infringed any valid copyright of Totin.

### Sixth Affirmative Defense

Totin's contract claims are barred for fraud.

### Seventh Affirmative Defense

Defendant's alleged use of Totin's photographs is fair use under 17 U.S.C. § 107.

### Eighth Affirmative Defense

Totin is not entitled to the relief requested in the complaint, in whole or in part, by virtue of the doctrines of estoppel.

### Ninth Affirmative Defense

Totin is not entitled to the relief requested in the complaint, in whole or in part, by virtue of the doctrines of waiver.

### Tenth Affirmative Defense

Totin lacks standing to bring the instant action.

### Eleventh Affirmative Defense

Totin's claims are barred, in whole or in part, by the principles of consent, ratification, implied license, and/or legal justification.

### Twelfth Affirmative Defense

Totin comes to Court with unclean hands.

### Thirteenth Affirmative Defense

Totin is not entitled to any relief because he sustained no injury or damages from the acts complained of in the complaint.

### Fourteenth Affirmative Defense

Totin's damages are barred, in whole or in part, because they are too remote and speculative.

### Fifteenth Affirmative Defense

Totin's claims are barred because BRG had permission, either express or implied, to use the images at issue.

### Sixteenth Affirmative Defense

Defendants did not profit from the acts alleged in the complaint.

### Seventeenth Affirmative Defense

Totin is guilty of copyright misuse.

### Eighteenth Affirmative Defense

Totin's claims are barred in whole or in part by the applicable statutes of limitations.

### Nineteenth Affirmative Defense

Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during discovery in this case and, thus, they reserves the right to amend their Answer to assert any such defenses.

## COUNTERCLAIMS

For their counterclaims against Brian Totin ("Totin"), the defendants and counterclaim plaintiffs Bohemia Realty Group LLC ("BRG"), Sarah Saltzberg ("Saltzberg"), and Jon Goodell ("Goodell" and together with BRG and Saltzberg, collectively, "Counterclaim Plaintiffs") allege as follows:

## NATURE OF THE ACTION

1.      The nature of this action is two-fold.  First, Totin initiated the underlying action in violation of the settlement agreement resolving allegations of infringement set forth in Brian Totin v. Bohemia Realty Group, Civil Action 18-cv-3574 (S.D.N.Y.).  Counterclaim Plaintiffs have all been damaged by Totin's breach and therefore respectfully seek legal and equitable relief from this Court including an award of damages and a permanent injunction.  In addition, this is a declaratory judgment action under the United States Copyright Act of 1976, 17 U.S.C. § 101 (the "Copyright Act"), and 28 U.S.C. §§ 2201 and 2202 (the "Declaratory Judgement Act"), by which the Counterclaim Plaintiffs seek a judgement of non-infringement.  As an actual justiciable controversy exists by way of the litigation filed by Totin, Counterclaim Plaintiffs seek relief from this Court.

## PARTIES, JURISDICTION, AND VENUE

2.      As alleged in the by Totin in the Complaint, this Court has jurisdiction over the parties.

3.      BRG is a domestic limited liability company organized under the laws of the State of New York.

4.      Saltzberg is an individual residing in the State of New York and in New York County.

5.      Goodell is an individual residing in the State of New York and in New York County.

6.      Upon information and belief, Totin is an individual and citizen of the State of New York, residing in New York County.

## FACTS

**A.      BRG, Its Business, and the Respect for the Intellectual Property**

7.      Counterclaim Plaintiffs rely on the preceding paragraphs as if fully stated herein.

8.      BRG history is one with a strong affiliation to the performing arts community. Indeed, *The New York Times* did a story about BRG and its special association with the arts which is available at: https://www.nytimes.com/2018/08/10/realestate/brokers-with-a-song-and-dance.html.

9.      Counterclaim Plaintiffs greatly respect the intellectual property rights of others.

10.     BRG, as a result of the proactive efforts of Goodell and Saltzberg to combat the problem of online copyright infringement, has instituted a strict policy by which its agents are instructed not to use the copyrighted content of others without permission in listing properties on the BRG website.

11.     Karen Paul, Chelsea Picken, Jordan Siler and Matthew Warner Kiernan, whom Totin alleges committed infringement on behalf of BRG are each independent contractors.

12.     Copies of the Independent Salesperson Agreements for Karen Paul, Chelsea Picken, Jordan Siler and Matthew Warner Kiernan are attached hereto as Exhibit A.

**B.      Totin and the Misuse of the Copyright Act**

13.     Since 2016, Plaintiff has sued a number of real estate brokers and or real estate salespersons for copyright infringement.  He filed two civil actions in 2018, five actions in 2019, two actions in 2020, and nine actions in 2021, so far.

14.     Counterclaim Plaintiffs do not fault a copyright owner for attempting to enforce his copyrights, provided those copyrights are lawfully owned, but they do fault Totin to the extent he attempts to misuse copyright law for anti-competitive purposes.  For example, in April of 2018, he sued BRG in a case titled Totin v. Bohemia Realty Group, LLC, Civil Action No. 18-cv-3574 ("Totin Suit I"), alleging that a salesperson, Chelsea Picken, used five of his photographs on the BRG website to advertise an apartment listing at 160 Claremont (the "160 Claremont Photos").

15.     However, in attempting to settle Totin Suit I, Totin insisted that settlement should involve various terms that are not provided under copyright law and are indeed in stark contrast to copyright law, including the following terms which were proposed in a June 26, 2018 letter from Totin:

> 2. A non-solicitation agreement regarding certain property owners. Terms of this will include:
>
> > a. Plaintiff will provide a list of persons and entities that Plaintiff, or parties directly affiliated with Plaintiff, has had residential rental exclusive listing agreements, or co-exclusive listing agreements, with in the last three years (the "exclusive list");
> >
> > b. Defendant will provide a list of those persons and entities on the exclusive list that Defendant currently does business with directly (the "open listing list").
> >
> > c. Those persons and entities on the exclusive list, but not on the open listing list, shall be deemed the "non-solicitation list".
> >
> > d. Defendant shall not accept an exclusive listing or co-exclusive listing from the parties on the exclusive list for five years from the effective date of the agreement;

e. Defendant shall not solicit a listing of any kind from the parties on the non-solicitation list for five years from the effective date of the agreement;

f. Defendant shall not market or advertise listings from the open listing list on any platform that requires the advertising agent or broker to hold an exclusive listing agreement or co-exclusive listing agreement;

g. The prohibitions above shall only apply to listings of residential property in the County of New York, State of New York;

h. Should a violation of this agreement occur, Defendant shall 1) remove the listing and 2) remit any commission it earned from the listing to Plaintiff's then affiliated brokerage firm.

16.     A copy of Totin's June 26, 2018 letter is attached hereto as Exhibit B.

**C.     Settlement of Totin Suit I**

17.     BRG rejected these proposed terms to grant an exclusive market in its industry to Totin, but the parties did ultimately reach a settlement and release agreement in August of 2018, a copy of which is attached hereto as Exhibit C

18.     In that agreement, BRG obtained a full release of the claims asserted in Totin Suit I in exchange for monetary payment of $10,000 and a promise not to use the five photographs at issue in that suit.  In Section 3(c) of that agreement, Totin covenanted and agreed not to attempt to assert or assert, directly or indirectly, any of the claims or causes of action asserted in Totin Suit I.

19.     Following that lawsuit, BRG sent a number of reminders to its salespeople expressly instructing them not to use the copyrighted works of others on the BRG website without permission from the copyright owner.  It was made clear to BRG's salespeople, all independent contractors, that BRG respects the intellectual property of others.  For example, BRG's Agent Manual provides:

- **Photo Permissions.**
  - Only use photos that you have taken or have written permission to use in your ads. Using another agents' or [agency's] photos without written permission is NEVER allowed. Violating this rule

can result in high fines and immediate disassociation from the
firm.
- It is the agent posting the ads responsibility to ensure they have
written permission to use any shared photos.

20.     A copy of BRG's Agent Manual is attached hereto as Exhibit D.

**D.      The 2019 Dispute and Resolution**

21.     On July 8, 2019, BRG received a letter from counsel for Totin notifying BRG that

it had found, on July 3, 2019, the 160 Claremont Photos being displayed at BRG's website.  In

addition, counsel for Totin noted that there were four other photographs the copyrights to which

belonged to Totin and which were discovered in June of 2018 on the BRG website, herein after

referred to as the "860 Riverside Photos."

22.     At the time of the July 2018 Settlement Agreement and Mutual Release, Totin

failed to disclose his belief that BRG was infringing the 860 Riverside Photos.

23.     On or about December 19, 2019, BRG met face to face with Totin and others at

CitiHabitats where Totin worked and they discussed Totin's infringement claims as well as other

allegations Totin had about competition with salespeople at BRG.  BRG explained, in essence,

that it had a strict policy prohibiting the use of infringing photographs and explained that the

alleged infringements Totin referenced in his July 8, 2019 letter were the result of independent

contractors acting against and in violation of BRG's policy regarding the use of photographs on

listings.

24.     BRG was led to believe that the matter regarding the photos referenced in Totin's

July 8, 2019 letter had been resolved following the December 19, 2019 in-person meeting with

Totin.  Totin understood from that meeting, or should have understood from that meeting, that

BRG was not responsible for the alleged infringements referenced in his July 8, 2019 letter as

they were the result of the actions of salespersons, who are not employees of BRG but are

independent contractors of BRG, acting contrary to and in violation of instructions and policies set by BRG.

25.     Thinking the dispute set forth in Totin's July 8th letter had been resolved, BRG was thus surprised to learn that Totin filed a complaint on June 18, 2021 alleging infringement of the 160 Claremont Photos and the 860 Riverside Photos against Counterclaim Plaintiffs and breach of contract against BRG.

26.     Counterclaim Plaintiffs thus seek the following relief.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract as to BRG)

27.     Counterclaim Plaintiffs rely on the preceding paragraphs as if fully stated herein.

28.     The Settlement Agreement and Mutual Release executed by Totin and BRG with an Effective Date of August 13, 2018 is a valid, binding and enforceable contract.

29.     BRG has performed all of its obligations under the terms of the Settlement Agreement and Mutual Release, except those excused or rendered impractical or impossible by Totin's breaches described above.

30.     BRG promised to pay, and did pay, $10,000 in exchange for a release of the claims set forth in Totin Suit I.  BRG promised not use, and did not use, the Allegedly Infringed Photographs at issue in that litigation.

31.     Totin has materially breached his obligations under the Settlement Agreement by initiating this lawsuit.

32.     Counterclaim Plaintiffs have sustained and will continue to sustain damages as a direct and proximate result of the breaches by Totin.

33.     The damages sustained by Counterclaim Plaintiffs were clearly foreseeable at the time of the breach.

34.     Totin is obligated to pay damages for his breach, including the costs of attorneys' fees and other costs arising from the breach.

35.     In addition, BRG has suffered and will continue to suffer other direct and consequential damages recoverable from Totin, including damage to its business, reputation, goodwill, and property, in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (Declaration of Non-infringement as to BRG)

36.     Counterclaim Plaintiffs rely on the preceding paragraphs as if fully stated herein.

37.     In his first and second causes of action, Totin alleges BRG has directly infringed the 160 Claremont Photographs and 860 Riverside Drive Photos when, in fact, Totin knew at the time he filed his Complaint that the 160 Claremont Photographs and 860 Riverside Drive Photos were reproduced, distributed, and publicly displayed not as any result of the actions of BRG but as a result of independent contractors acting contrary to, and in violation of, the instructions and policies of BRG.

## THIRD CLAIM FOR RELIEF
### (Declaration of Non-infringement as to Saltzberg and Goodell)

38.     Counterclaim Plaintiffs rely on the preceding paragraphs as if fully stated herein.

39.     In his fourth cause of action, Totin alleges Saltzberg and Goodell have vicariously infringed the 160 Claremont Photographs and 860 Riverside Drive Photos when, in fact, Totin knew at the time he filed his Complaint that Saltzberg and Goodell did not have control the salespersons who allegedly reproduced, distributed, and publicly displayed the 160 Claremont Photographs and 860 Riverside Drive Photos because those salespersons were independent contractors who acted contrary to, and in violation of, the instructions and policies of BRG.

WHEREFORE, based on the foregoing responses, affirmative defenses and counterclaims, Counterclaim Plaintiffs request the following relief:

(a) judgment dismissing the Complaint in its entirety;

(b) an order granting Counterclaim Plaintiffs any costs or attorneys' fees incurred in connection with defending and/or prosecuting this action;

(c) an order declaring that Counterclaim Plaintiffs have not infringed any valid copyright owned by Totin; and

(e) an order awarding such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant respectfully demands a trial by jury for all issues so triable in this action.

Respectfully submitted,

Dated:  August 25, 2021

/s/ *R. Terry Parker*
R. Terry Parker, Esquire
NY Bar No. 4704748
Rath, Young & Pignatelli P.C.
120 Water Street, 2nd Floor
Boston, Massachusetts 02109
(603) 226-2600
rtp@rathlaw.com


*Attorneys for Defendant*
*Bohemia Realty Group, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that he caused the foregoing document to be filed with the Court through the ECF system on the 25th day of August 2021, through which service is made electronically by the Court's system to all counsel of record.  Further, the undersigned hereby certifies that he caused the foregoing document to be sent by first class mail to Plaintiff at the following address:

Brian Totin
PO Box 230581
New York, NY 10023

*/s/ R. Terry Parker*
R. Terry Parker