EXHIBIT C

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is entered into on this 13th day of August, 2018 (the "Effective Date"), by and between Brian Totin ("Totin") and Bohemia Realty Group LLC ("Bohemia").  Totin and Bohemia are collectively referred to herein as the "Parties."

## RECITALS

WHEREAS, on or around March 7, 2018 Totin filed 5 (five) photographs with the United States Copyright Office as part of a group registration of published photographs that was assigned Registration Number VA 2-096-797 (the "797 Copyright Registration").  The five photographs included in the 797 Copyright Registration are attached as Exhibit A and are collectively referred to herein as the "Allegedly Infringed Photographs";

WHEREAS, a dispute arose concerning Bohemia's use of the Allegedly Infringed Photographs and, on April 23, 2018, Totin filed an action in the United States District Court for the Southern District of New York against Bohemia entitled *Brian Totin v. Bohemia Realty Group, LLC*, Civil Action No. 18-CV-3574 (the "Dispute"), alleging claims for copyright infringement;

WHEREAS, the Parties desire to fully and finally settle the Dispute and have reached a resolution as described herein;

NOW THEREFORE, for the foregoing recitals which are incorporated herein by reference, and in consideration of the conditions, covenants and agreements set forth below, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1.      Payment.  In consideration of this Agreement, Bohemia or their designee shall pay to Totin ten thousand dollars ($10,000.00) (the "Settlement Payment") in two installments. The first installment of the Settlement Payment in the sum of five thousand dollars ($5,000) shall be made by check payable to "Brian Totin" within seven (7) days of the Effective Date of this agreement.  The second installment of the Settlement Payment in the sum of five thousand dollars ($5,000) shall be made by check payable to "Brian Totin" within thirty (30) days of the payment of the first installment. Both installment checks shall be mailed to the following address: PO Box 230581, New York, NY 10023.

2.      Agreement not to use Totin's Photographs.  Bohemia agrees that they will return or destroy any copies of the Allegedly Infringed Photographs that are in their possession as of the Effective Date.  Bohemia agrees that they will not use the Allegedly Infringed Photographs for any purpose.

3.      Mutual Releases.

a.  Upon the occurrence of and in consideration for the conditions set forth in Sections 1 and 2 above, Totin hereby fully, forever and irrevocably releases, discharges and

acquits Bohemia and any of their predecessors, successors, related entities, officers, directors, employees, independent contractors, agents, attorneys, owners, assigns, licensees, licensors, insurers, affiliates, subsidiaries and parents, and all those acting under their direction or pursuant to their control from any and all actions, causes of action, debts, agreements, promises, liabilities, claims, damages, expenses, controversies or demands of any kind or nature related to the Dispute that Totin has had, may have had, or now has, or hereafter can, shall or may have against Bohemia from the beginning of the world to the Effective Date.

b.   Upon the occurrence of and in consideration for the conditions set forth in Sections 1-2 above, Bohemia hereby fully, forever and irrevocably releases, discharges and acquits Totin from any and all actions, causes of action, debts, agreements, promises, liabilities, claims, damages, expenses, controversies or demands of any kind or nature related to the Dispute, that Bohemia has had, may have had, or now has, or hereafter can, shall or may have against Totin from the beginning of the world to the Effective Date.

c.   Each of the Parties covenants and agrees that they shall not attempt to assert or assert, directly or indirectly, against one another, or against any other party released herein, any of the claims or causes of actions released pursuant to this Section 3.  Any Party who breaches this provision shall indemnify all other Parties, and hold them harmless, from and against any liability, loss, cost, or expense (including, but not limited to, actual attorneys' fees) arising out of, related to, or connected with such breach.

d.   Nothing herein shall release the Parties from any liability or obligation for any breach of this Agreement.

4.     Dismissal of Claims in the Dispute.  Within five (5) days of the Effective Date, Totin shall file a Stipulation of Voluntary Dismissal with Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) with the United States District Court for the Southern District of New York.

5.     No Admission of Liability.  The execution of this Agreement is in settlement of all claims by and between the Parties and fully resolves the Dispute.  Such execution does not constitute, and shall not be deemed, an admission by Totin or Bohemia of any fault, wrongdoing or liability in the Dispute.  By this Agreement, each Party fully, finally, and forever settles and releases all claims related to the Dispute, notwithstanding the possibility of discovery later any additional claims or facts related to the Dispute.  This Agreement shall not be admissible in any proceeding as evidence of liability or wrongdoing by either Party.

6.     Confidentiality.  The Parties agree that the terms of this Agreement shall be kept confidential and shall not be disclosed to any third party at any time unless otherwise required by process of law or to the parties' respective attorneys and accountants on a need-to-know basis. This Agreement and its terms shall not be used or disclosed in any court, mediation, or other legal proceeding, except to enforce the provisions of this Agreement or as otherwise required by law or Court Order.

7.  Representations and Warranties.

a.  Each of the Parties represents that it has the power and authority to execute and deliver this Agreement and to perform all of its obligations hereunder.  Each individual executing this Agreement on behalf of each Party represents and warrants that he or she has the capacity and has been duly authorized to execute this Agreement.

b.  Each of the Parties represents that it has entered into this Agreement based solely upon its own investigation and, other than as expressly set forth herein, not in reliance on any representations or warranties of any other person or Party.  Each of the Parties represents that it is assuming the risk that the facts or the law may be different from what it understands them to be.

8.  Cooperation and Further Acts.  The Parties agree that they will do all such acts, and prepare, execute, and deliver all such documents, as may reasonably be required to implement and effectuate this Agreement.

9.  Binding on Successors, Representatives, and Assigns.  This Agreement shall inure to the benefit of and be binding upon the respective successors, representatives, and assigns of the Parties.  Nothing in this Agreement, express or implied, is intended to confer upon any party, other than the Parties or their respective successors and assigns, any rights, remedies, obligations or liabilities under or by reason of this Agreement, except as expressly provided in this Agreement.

10.  Attorneys' Fees and Costs.  Totin and Bohemia each agree to bear their own costs, attorneys' fees, and other expenses incurred in the Dispute.

11.  Entire Agreement.  This Agreement constitutes the entire agreement of the Parties with respect to the subject matter hereof.  The Parties further agree and acknowledge that no representation or agreements which are not set forth herein have been made to induce them to enter into this Agreement or in connection with the subject matter hereof.  This Agreement, or any provision hereof, may not be modified, amended, waived or terminated except by a written instrument specifically signed by each of the Parties.

12.  Voluntary Agreement.  The Parties also agree and acknowledge that the execution of this Agreement is not the result of any undue influence or duress, whether economic or otherwise.  The Parties expressly assume the risk that this Agreement may have been made on the basis of a mistake of fact or a mistake of law as to any matter not expressly set forth as a representation and warranty herein.  The Parties expressly accept and assume the risk of such possible differences in fact and agree that this Agreement shall remain effective notwithstanding such differences.

13.  Interpretation and Construction.  Each of the Parties has had an adequate opportunity to read and review, and to consider with its own retained counsel the effect of the language of this Agreement, has agreed to its terms, and has participated in the drafting of provisions of this Agreement.  The Parties agree that in any interpretation or construction of this Agreement, each Party will be deemed to have equally participated in the negotiation and

-3-

drafting of the Agreement and each of its parts, and the rule of *contra proferentem*, or construction against the drafter, shall not apply to any Party.

14.     Governing Law and Venue:  This Agreement shall be construed in accordance with and be governed by the laws of the State of New York, without regard to any laws relating to choice of laws or conflict of laws between or among jurisdiction.  The Parties hereby expressly agree and submit to the personal jurisdiction and venue of the courts located in New York for any suit for relief brought under this Agreement.  Further the Parties expressly agree that any suit for relief, claim or controversy brought under this Agreement must be brought in the federal or state courts in New York County, New York.

15.     Signatures.  By their signatures below, the Parties acknowledge that the provisions of this Agreement have been read and understood, and that each party enters into this Agreement voluntarily.

16.     Severability.  Should any provision of this Agreement be declared or determined by any competent court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

17.     Counterparts.  This Agreement may be executed contemporaneously in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Facsimile copies of signatures shall be deemed original signatures.

**IN WITNESS THEREOF**, this Agreement has been executed on the dates below written, to be effective on the date stated above.

**BRIAN TOTIN**                                    **BOHEMIA REALTY GROUP LLC**

Brian Totin

Date: 8/14/18

Name: Jon Gordell

Title: CEO

Date: 8/15/18

-4-

# EXHIBIT A

-5-

| (#.1) Name of photographic file within the 797 Copyright Registration |
| (#.2) Alleged Infringement as published on www.bohemiarealtygroup.com |
| (#.3) Allegedly Infringed Photograph |

| A.1 160clare2flr1.jpg |

| A.2 |



| A.3 |

B.1 160clare2fbr1.jpg

B.2





C.1 160clare2fbr2.jpg

D.1 160clare2fk.jpg

D.2



D.3

E.1 160clare2flav.jpg

