**Brian Totin**
PO Box 230581
New York, New York 10023
917-881-1830   brian@briantotin.com

September 21, 2021

Hon. Katherine Polk Failla
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      RE:    Brian Totin vs. Bohemia Realty Group et al.
              Civil Action No 21-cv-5416

Dear Judge Failla,

    The Plaintiff respectfully submits this letter requesting a pre-motion conference concerning the Plaintiff's proposed motion to 1) dismiss the counterclaims (dockets 20, 21) of Defendants Bohemia Realty Group, Sara Saltzberg and John Goddell (collectively the "BRG Defendants") with prejudice 2) strike the BRG Defendant's answers and counterclaims (dockets 20, 21) from the record, and 3) disqualify R. Terry Parker as counsel for the BRG Defendants.

**Motion to Dismiss the BRG Counterclaims**

    Plaintiff intends to move to dismiss the BRG Defendant's counterclaims under Rule 12(b)(6) and Rule 12(f) of the Federal Rules of Civil Procedure. Plaintiff is entitled to dismissal of Defendants' first counterclaim because the BRG Defendants fail to allege any plausible facts to support that counterclaim. Plaintiff is entitled to dismissal of the BRG Defendants' second and third counterclaims because the BRG Defendants' claims are duplicative of claims already before the Court and fail to allege any plausible facts to support those counterclaims.

    Virtually the entirety of the "facts" in the BRG Defendants' counterclaim for Breach of Contract are labels, conclusions, self-serving statements and a list of grievances against the Plaintiff that do not support the BRG Defendants' stated cause of action. In the only allegation put forth to support the BRG Defendants' claim that Plaintiff breached the settlement agreement resolving *Brian Totin v. Bohemia Realty Group, 18-CV-3574 (S.D.N.Y.)* ("Bohemia I"), the BRG defendants intentionally misquote from the settlement agreement. Their counterclaim states, "In Section 3(c) of that agreement, Totin covenanted and agreed not to attempt to assert or assert, directly or indirectly, any of the claims or causes of action asserted in Totin Suit I" *See* Docket 21 at counterclaim ¶ 18.

    That is not what Section 3(c) says; it says, "Each of the Parties covenants and agrees that they shall not attempt to assert or assert, directly or indirectly, against one another, or against any other party released herein, any of the claims or causes of actions ***released*** pursuant to this Section 3" (emphasis added). The preceding section 3(a) defined the claims or causes of actions released as only those claims or causes of actions that accrued on or prior to August 13, 2018 and which specifically arose from the Defendants' April 2018 infringement of the 160 Claremont Photographs (the only claims and causes of action alleged in Bohemia I). Plaintiff's suit alleges that that the Defendants re-infringed upon the 160 Claremont Photographs after August 13, 2018. The 860 Riverside Drive photographs were not part of the "Dispute," nor was it possible for them to be, as one of the photographs did not exist on the date Bohemia I was filed.

Under common law litigation privilege theory, the BRG Defendants have no cause of action against the Plaintiff for statements or filings made in litigation which may injure or offend them. Their relief is to motion to dismiss the case against them at either this stage or in the summary judgment stage.

The BRG Defendants' counterclaims are duplicative of Plaintiff's claims for breach of contract and copyright infringement, as they present issues that are already before the Court in Plaintiff's Complaint. See Sliding Door Co. v. KLS Doors, 2013 U.S. Dist. LEXIS 71304, *9-10, 2013 WL 2090298 (C.D. Cal. May 1, 2013) (dismissing defendant's counterclaim for declaratory judgment of non-infringement as being duplicative of plaintiff's claim for infringement).

The BRG Defendants take the position that they are non-infringers. They claim to somehow not be responsible for the infringements because they allege the infringements occurred due to the actions of their salespersons. Legal liability of a principal for the actions of its agent, "depends on the existence of three elements: (1) the manifestation by the principal that the agent shall act for him; (2) the agent's acceptance of the undertaking; and (3) the understanding of the parties that the principal is to be in control of the undertaking." See Doe v. YMCA of Ne. N.Y., No. 19-cv-456 (TJM/ATB), 2020 U.S. Dist. LEXIS 24223, at *16 (N.D.N.Y. Feb. 12, 2020). Here, (1) the BRG Defendants gave their agents authority to publish advertisements on their behalf without prior review; (2) the agents accepted the authority to publish advertisements on behalf of the BRG Defendants without prior review; and (3) the agents and the BRG Defendants understood that the BRG Defendants were to be in control of the advertisements.

It is not a defense that an agent allegedly did not follow a policy of the BRG Defendants. They voluntarily delegated their authority to review advertisements prior to publications to their salespersons, thus rendering their own policy moot. Therefore, per the body of law that defines the nature of the relationship between a salesperson and the brokerage (Article 12A of the RPL); the established rules [part 175 of Title 19 NYCRR, specifically 19 NYCRR §175.25 (b) (1), "Only a real estate broker is permitted to place or cause to be published advertisements related to the sale or lease of property."]; and case law *See* Roberts v. DOS, 80 N.Y.2d 116, 589 N.Y.S.2d 392, (holding a real estate broker and its principals liable for the actions of its salespersons where the broker/principals were unaware of the salespersons actions), the BRG Defendants are liable for the actions of their salespersons.

We are already before this Court to assess whether the BRG Defendants are liable as copyright infringers. As such, the BRG Defendants' second and third counterclaims of non-infringement of copyright are legal conclusions that should be stricken pursuant to Rule 12(f) for its redundancy with Plaintiff's first and second causes of action for copyright infringement and Plaintiff's fourth cause of action for vicarious copyright infringement.

**Motion to Strike the BRG Answers and Counterclaims from the Record**

Plaintiff intends to move to strike the BRG Defendant's answer and counterclaim (Docket 20) and amended answer and counterclaim (Docket 21) under Rule 12(f) of the Federal Rules of Civil Procedure. The BRG Defendants included in their counterclaim and amended counterclaim as Exbibit B a settlement communication from Plaintiff in Bohemia I. The document is labeled with the words, "**PRIVILEGED AND CONFIDENTIAL SETTLEMENT COMMUNICATION FOR SETTLEMENT PURPOSES ONLY; SUBJECT TO FEDERAL RULE OF EVIDENCE 408**".

Conduct or statements made in compromise negotiations are not admissible as evidence unless they are used in a cause of action "based upon some wrong that was committed in the course of the settlement discussions." See *Uforma/Shelby Bus. Forms, Inc. v. NLRB*, 111 F.3d 1284 (6th Cir. 1997). The BRG Defendants' counterclaims are for Plaintiff's alleged breach of the settlement agreement incurred by Plaintiff filing suit against the BRG Defendants ("Totin has materially breached his obligations under the

Settlement Agreement by initiating this lawsuit") *See* Docket 21 at counterclaim ¶ 31 and a "judgement of non-infringement" *See* Docket 21 at counterclaim ¶ 1.

The BRG Defendants have set forth no cause of action alleging the Plaintiff committed some wrong while negotiating with them in Bohemia I. They include Plaintiff's settlement communication in their extraneous list of grievances for an improper purpose, as a tool to harass Plaintiff and to increase the cost of litigation. Further, the BRG Defendants claim that the Plaintiff "insisted that settlement should involve various terms that are not provided under copyright law and are indeed in stark contrast to copyright law" and included a June 26, 2018 settlement letter ,while ignoring the July 26, 2018 follow-up to that letter, in which Plaintiff wrote the following:

> "Per our conversation last Thursday, plaintiff withdraws the second part of the June 26 demand, "a non-solicitation agreement regarding certain property owners." My intent with that second part of the demand was to prevent your client's agents from infringing again, or if they did, to limit damage. The danger in allowing any agent, regardless of experience level, to advertise any listing is that what happened here can easily happen again. Nevertheless, the risk is on your client, not me; perhaps they have now put in some system of internal control to prevent this from happening again."

To put it simply, the BRG Defendants' illegitimate purpose in including the settlement communication was rendered moot by Plaintiff's follow-up communication. Furthermore, Plaintiff's July 26, 2018 letter demonstrates that the intent of the Plaintiff was to preemptively prevent the series of events that led to the filing of this current action from happening.

**<u>Motion to Disqualify R. Terry Parker</u>**

It is apparent from the "facts" and allegations the BRG Defendants set forth in their affirmative defenses and counterclaims that they intend to defend themselves in this case by improperly raising issues from the negotiations that lead to the settlement agreement in Bohemia I. Despite the plain language of the settlement agreement, the BRG Defendants appear to contend that the settlement agreement contemplated settling issues that the settlement agreement did not settle. The BRG Defendants also desire to bring into evidence the conversations and exchanges that lead to the settlement. Those conversations and exchanges took place between Plaintiff and Defendant's counsel, R. Terry Parker. Thus, Parker has become an apparent witness in this matter and therefore he and the firm of Rath, Young & Pignatelli P.C. must be disqualified as defendant's counsel *See* MacArthur v. Bank of New York, 524 F.Supp. 1205, 1210 (S.D.N.Y.1981)

The New York Lawyer's Code of Professional Responsibility prohibits an attorney from representing a party if they will also be a witness in the matter *See* DR 5-102 [1200.21] "A lawyer shall not act, or accept employment that contemplates the lawyer's acting, as an advocate on issues of fact before any tribunal if the lawyer knows or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client." Parker's testimony will not relate solely to an uncontested issue, to a matter of formality or to the nature and value of legal services, nor would disqualification as an advocate work a substantial hardship on the BRG Defendants.

Thank you for your attention to these matters.

Very Truly Yours,

*/s/ Brian Totin*
Brian Totin