# RATH YOUNG PIGNATELLI

**R. Terry Parker**
Attorney at Law
rtp@rathlaw.com
**DD:** (603) 410-4338

September 24, 2021

**VIA ECF and Email (Failla_NYSDChambers@nysd.uscourts.gov)**

Hon. Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

**RE:    Brian Totin v. Bohemia Realty Group *et al.*
        Docket No: 21-cv-05416-KPF (S.D.N.Y.)**

Dear Judge Failla:

We represent the defendants Bohemia Realty Group LLC ("BRG"), Sarah Saltzberg ("Saltzberg"), and Jon Goodell ("Goodell" together with Saltzberg, collectively "the LLC Members" and together with BRG, collectively, "Defendants") in the above-referenced action.  Pursuant to Section 4(A) of Your Honor's Individual Rules of Practice in Civil Cases, we write in response to the letter filed by *pro se* plaintiff Brian Totin ("Plaintiff") seeking a pre-motion conference concerning his intended motion to dismiss, his motion to strike, and his motion disqualify.  Plaintiff's proposed motion would be frivolous and a gross waste of valuable Court resources.

**Procedural Background**

As an initial matter, Defendants seek clarification of the procedural mess made by Plaintiff's recent filings on the docket.

On June 18, 2021, Plaintiff initiated this action.  ECF No. 1.  On August 4, 2021, Defendants were served copies of the Summons and Complaint.  ECF No. 16.  On August 26, 2021, Defendants filed their Answer, Statement of Defenses, and Counterclaims.  ECF No. 20.  On September 9, 2021, Defendants, pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, filed an Amended Answer, Statement of Defenses, and Counterclaims.  ECF 21.  On September 21, 2021, Plaintiff filed a letter seeking a pre-motion conference concerning his proposed motion to 1) dismiss Defendants' counterclaims, 2) strike Defendants answer and counterclaims, and 3) disqualify the undersigned counsel.  ECF No. 22.  Later that day, September 21, 2021, Plaintiff filed an Amended Complaint, asserting new claims for 1) tortious interference of contract, 2) tortious interference with prospective economic

National Impact. Uniquely New Hampshire.

Rath, Young and Pignatelli, P.C.
www.rathlaw.com

One Capital Plaza
Concord, NH 03302-1500
T (603) 226-2600
F (603) 226-2700

20 Trafalgar Square
Nashua, NH 03063
T (603) 889-9952
F (603) 595-7489

120 Water Street, 2nd Floor
Boston, MA 02109
T (617) 523-8080

26 State Street, Suite 9
Montpelier, VT 05602
T (802) 229-8050
F (802) 229-4666

# Rath Young Pignatelli

Hon. Katherine Polk Failla
September 24, 2021
Page 2

advantage, and 3) tortious interference with economic relations, in addition to the copyright infringement claims alleged in his original complaint.  ECF 22.

Plaintiff's Amended Complaint is improper on a number of levels.  First, it is procedurally improper.  Plaintiff filed his Amended Complaint after Defendants' September 9th responsive pleading but did not do so pursuant to leave from this Court or with consent of the Defendants as required by Rule 15(a)(2) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 15(a)(2) ("a party may amend its pleading only with the opposing party's written consent or the court's leave").  In addition, Plaintiff's Amended Complaint, should it stand, procedurally moots Defendants' response to the original complaint.  ECF No. 21.  Plaintiff's Amended Complaint would also presumably moot Plaintiff's application to move to dismiss and strike Defendants' Answer, Statement of Defenses, and Counterclaims.  ECF No. 23.  Finally, Plaintiff's Amended Complaint is substantively improper as it is legally and factually baseless and riveted with falsehoods, issues to be address elsewhere.

Defendants are mindful that the procedural defect with the Amended Complaint may be cured as courts freely give leave to amend complaints at this stage of the litigation and more liberally so with respect to *pro se* litigants such as we have here.  *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir.2000).  In the event the Court allows the Amended Complaint to stand, despite this procedural defect, Defendants propose they be permitted to file a responsive pleading within 14 days of the Court's order on Plaintiffs' pre-motion letter.

**Plaintiff's Proposed Motion to Dismiss is Frivolous**

To the extent a response to Plaintiff's application to move to dismiss Defendants counterclaims, Defendants' respond that there is no legal basis for a motion to dismiss BRG's counterclaim for breach of contract.  Plaintiff spills a few paragraphs of ink in effort to characterize BRG's counterclaim.  However, the following facts cannot be contested: 1) Bohemia alleges there was a valid, binding, and enforceable contract between Plaintiff and BRG, a copy of which was attached to the counterclaims; 2) BRG alleges it performed its obligations under the contract, except those excused or rendered impractical or impossible by Plaintiff's breaches, namely, BRG deleted the allegedly infringing photographs at issue in the 2018 litigation and it did not use them again—the photos at issue were later used by independent contractors acting contrary and to and in violation of BRG instructions; 3) BRG alleges that Plaintiff breached his obligation not to initiate a suit against BRG; and 4) BRG has suffered damages as a result of the breach. *See* ECF 21 at 17-18.  Plaintiff can deny these allegations but moving to dismiss the counterclaim for breach of contract would be asking this Court to decide factual issues at the pleadings stage, a task not permitted under the Rule 12(b)(6) caselaw.

Nor is there a basis for dismissing Defendants' counterclaims for non-infringement, which Plaintiff sees as duplicative of his infringement claims.  However, in intellectual property cases, declaratory judgment claims for non-infringement, while inversely mirroring

infringement claims, are common.  See, e.g., Medien Patent Verwaltung AG v. Warner Bros. Entertainment, Inc., 2013 WL 541391 *4 (S.D.N.Y. Feb. 11, 2013).  Here, Defendants bring counterclaims for non-infringement to ensure their award of attorneys' fees under Section 505 of the Copyright Act, which provide attorneys' fees to prevailing parties.

**Plaintiff's Proposed Motion to Strike is Frivolous**

Nor is there a basis for striking BRG's Answers and Counterclaims from the Record pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  Motions to strike under Rule 12(f)( "are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute." Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A., No. 08–CV–7379, 2008 WL 5191210, at *7 (S.D.N.Y. Dec. 5, 2008) (internal quotation marks omitted); see also Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir.1976) ("In deciding whether to strike [under] Rule 12(f) ... on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible.").

Plaintiff would have this Court stray from this precedent because BRG's Answers and Counterclaims disclose a letter dated June 26, 2018 from Plaintiff in which he demands, in short, market exclusivity in exchange for releasing copyright infringement claims against BRG, which Plaintiff believes is in violation of Rule 408 of the Federal Rules of Evidence.  Rule 408 prohibits the use and admissibility of evidence offered to "either prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction."  Fed. R. Evid. 408(a).  Defendants do not offer Plaintiff's June 26th letter to prove or disprove the validity or amount of Plaintiff's copyright infringement claims—the letter is irrelevant to whether or not Plaintiff owns the copyrights at issue or whether Defendant used said copyrights without permission or any damages that resulted therefrom.  The letter merely demonstrates that Plaintiff's copyright claims are motivated by anticompetitive purposes—to win back a client that had left him for another realtor.  Rule 408 is thus no basis for striking Defendants' answer and counterclaim.

**Plaintiff's Proposed Motion to Disqualify is Frivolous**

Nor is there any basis for Plaintiff to bring a motion under DR 5–102 disqualifying the undersigned counsel and his firm.  DR 5-102 (a) defines the applicable standard where the attorney is called on behalf of his own client.  See DR 5-102 (a).  Plaintiff speculates that Defendants will "bring into evidence the conversations and exchanges that lead to the settlement (of Plaintiff's 2018 case against Defendants), referencing Plaintiff's June 26th letter referenced in Defendant's counterclaims and attached as an exhibit thereto.  See ECR 21 at 14, ¶ 15.   However, the undersigned counsel has no testimony to offer regarding Plaintiff's June 26th letter nor do Defendants have any intention of calling the undersigned counsel, nor anyone at his firm, as a witness in this case.

# Rath Young Pignatelli

Hon. Katherine Polk Failla
September 24, 2021
Page 4

Sincerely,

*/s/ R. Terry Parker*

R. Terry Parker

cc: Brian Totin via ECF and Email

# Rath Young Pignatelli